UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FATHI MUSHAPHA CULLEN,

        Plaintiff,                         Hon. Paul L. Maloney

v.                                           Case No. 1:24-cv-48

LARRY D. ALFORD JR., et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 19). Plaintiff has not responded to the motion within the time provided by Western District of Michigan Local Civil Rule 7.2(c). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted.

## BACKGROUND

Plaintiff initiated this action on January 19, 2024, against Defendants Sergeant John Wall; Deputies John Hellman, John Crace, Jane Klinger, and John Spencer; Lieutenant/Jail Administrator John Stephenson; and Captain John Smith. (ECF No. 1). After screening, Plaintiff's First Amendment free exercise claim against Defendants Stephenson and Smith remains in the case. (ECF No. 10).

The remaining claim concerns Ramadan, which is a religious fast observed in the Islamic religion. In the amended complaint, Plaintiff alleges that Ramadan is meant to be observed for a thirty-day period, but if days are missed—for example, if the participant ate or drank during daylight hours—the missed fast days can be

"made up" later. Plaintiff alleges that he was supposed to "make-up" the missed days later, with a deadline of October 15, 2023. But when the fast was supposed to begin, Defendants Stephenson and Smith refused to allow Plaintiff to do a make-up Ramadan fast.

Defendants now move for summary judgment. (ECF No. 19). They argue that Plaintiff failed to exhaust his administrative remedies. They also contend that they are entitled to qualified immunity. Plaintiff has failed to respond to the motion.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in

support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d 465 at 474.

Generally, where the non-moving party fails to respond to a motion for summary judgment, "the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial

burden." *Miller v. Shore Fin. Servs., Inc.,* 141 F. App'x 417, 419 (6th Cir. 2005) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)).

## ANALYSIS

### I. Exhaustion

Defendants first argue that they are entitled to summary judgment based on Plaintiff's failure to exhaust his claims against them. Pursuant to 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before filing a lawsuit with respect to prison conditions under 42 U.S.C. § 1983. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA," which the defendant bears the burden of establishing. *Id.* With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion," defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006).

According to the applicable grievance policy, prisoners must file a level 1 grievance within 7 days precipitating an event. (ECF No. 19-5 at PageID.180). "After receiving a level 1 response the prisoner has 3 days to request a level 2 review by the administrative sergeant or jail administrator." (*Id.*) "The level two review will serve as the final step of the prisoner grievance system." (*Id.* at PageID.181).

Here, Plaintiff alleges that on October 15, 2023 he was informed the thirty-day double-Ramadan was denied. (ECF No. 1-1 at PageID.33). Plaintiff filed a second grievance regarding the same facts on October 17, 2023. (*Id.* at PageID.35). The top right portion of the grievance states "Appeal to the Jail Administrator." (*Id.*) Defendants have not adequately explained how this document labeled "Appeal to the Jail Administrator" is insufficient to exhaust through level 2 under the grievance policy. Accordingly, Defendants have not met his burden to establish lack of exhaustion.

## II.   Qualified Immunity

Defendants also contend that they are entitled to qualified immunity. The doctrine of qualified immunity provides that government officials performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional right of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999). An "objective legal reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987). The qualified immunity inquiry requires a court to decide whether the facts as alleged or shown make out a constitutional violation and whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). If the court can

conclude either that no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either prong of the inquiry without regard to sequence. *Id.* at 236.

The First Amendment's Free Exercise Clause, applicable to the states through the Fourteenth Amendment, provides that "Congress shall make no law . . . prohibiting the free exercise [of religion]." U.S. Const. amend. I. To demonstrate that this right has been violated, Plaintiff must establish that: (1) the belief or practice he seeks to protect is religious within his own "scheme of things," (2) his belief is sincerely held, and (3) Defendants' behavior infringed upon his practice or belief. *Kent v. Johnson*, 821 F.2d 1220, 1224-25 (6th Cir. 1987); *see also Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001) (same). Even if Plaintiff makes this showing, the analysis must also consider whether the limitation on his rights is reasonably related to legitimate penological interests. *Arauz v. Bell*, 307 F. App'x 923, 928 (6th Cir. 2009).

As this Court previously stated, the denial of one evening meal bag does not rise to the level of a substantial burden actionable under the First Amendment. (ECF No. 9 at PageID.94). In the screening opinion, the Court did not dismiss the claim against Defendants Smith and Stephenson because Plaintiff appeared to allege that he wanted to make up two days, which meant he would have missed as many as six consecutive regular meals or four Ramadan meals. (*Id.*) But the record establishes that Plaintiff successfully made up one day. (ECF No. 19-2 at

PageID.168-169). The denial of two Ramadan meals does not rise to level of a substantial burden. *See e.g., Manning v. Erdos,* No. 1:22-cv-371, 2022 WL 10118036, at *6 (S.D. Ohio Oct. 17, 2022) (where the plaintiff alleged he had missed both Ramadan meals on April 2, 2022, the court concluded that "[p]laintiff's allegations fail to rise to the level of a substantial burden under the First Amendment"); *Washington v. Afify,* 968 F. Supp. 2d 532, 538 (W.D.N.Y. 2013) (dismissing First Amendment claim based on denial of three meals during Ramadan as "a de minimis burden on plaintiff's exercise of his religion").

In addition, the record establishes that Defendant Smith played no role in the denial of the make-up fast. (ECF No. 19-4). And while Defendant Stephenson denied Plaintiff's request for a make-up fast, the record establishes that the denial was based on a mistaken belief that Plaintiff was requesting a "double-Ramadan," which will not occur until 2030.[1] Defendant Stephenson's negligent conduct is not actionable under the First Amendment. *See, e.g., Colvin v. Caruso,* 605 F.3d 282, 293-94 (6th Cir. 2010) (holding that isolated incidents of negligence by prison officials in implementing kosher food requirements is not actionable under the First Amendment); *Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir. 2009) (isolated acts of negligence in providing kosher diet do not support a free-exercise claim).

---

[1] According to Defendants, a "double-Ramadan" is a naturally occurring phenomenon in which the Ramadan fast occurs twice in a single secular calendar-year. (ECF No. 19-1 at PageID.134).

Plaintiff has presented no evidence to the contrary. Defendants have demonstrated, therefore, the absence of factual dispute on the question of whether their conduct violated the First Amendment. Accordingly, the undersigned recommends that Defendants' Motion for Summary Judgment be granted.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment (ECF No. 19) be granted, and that this case be closed. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: July 7, 2025

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge